IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIRSHA BROWN,<br>       Plaintiff, | :<br>: | PRISONER CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COCA COLA (SPRITE),<br>       Defendant. | :<br>: | CIVIL ACTION NO.<br>1:22-CV-02836-SDG-CCB |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Kirsha Brown, confined at Florida State Hospital in Chattahoochee, Florida, filed a civil action alleging a claim of copyright infringement.[1] (Doc. 1.)

---

[1] Plaintiff is a pretrial detainee and therefore a "prisoner" under the Prison Litigation Reform Act (PLRA) because she is a "person . . . detained in any facility who is accused of . . . violations of criminal law." 28 U.S.C. § 1915(h). In particular, Plaintiff, who has been committed to the care of the Florida Department of Children and Families at Florida State Hospital following a determination of incompetency to proceed to trial, has been accused of aggravated assault with a deadly weapon and battery. *See* Order, *Florida v. Brown*, *Orange Cnty. Clerk of Cts.*, No. 2018-CF-006186-A-O, https://myeclerk.myorangeclerk.com/Cases/search (Dec. 13, 2021); *id.*, docket sheet; *see also Dent v. Bailey*, No. 5:22-CV-52-TKW/MJF, 2022 WL 1005073, at *1 & nn.2-3 (N.D. Fla. Mar. 11, 2022) (applying the PLRA to a plaintiff confined at Florida State Hospital following a determination of incompetency to proceed to trial), *report and recommendation adopted*, 2022 WL 1003188 (N.D. Fla. Apr. 4, 2022); *Cooper v. L. Libr. Supervisor*, No. 4:16-CV-617-WS-GRJ, 2016 WL 7173890, at *2 (N.D. Fla. Oct. 12, 2016) (concluding that a plaintiff confined at Florida State Hospital following a determination of incompetency to proceed to trial was a prisoner and three-striker under the PLRA), *report and recommendation adopted*, 2016 WL 7175620 (N.D. Fla. Dec. 7, 2016).

Plaintiff did not pay the $350.00 filing and $52.00 administrative fees required for civil actions or submit an application for leave to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action in federal court while proceeding in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (holding that dismissal for failure to state a claim counts as a strike regardless of whether dismissal was with or without prejudice). A district court must dismiss without prejudice a prisoner's complaint "when the prisoner has three strikes but failed to pay the filing fee when the suit began." *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020); *accord Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit.").

Plaintiff has at least three such prior dismissals while incarcerated or detained. *See, e.g.*, *Kirsha Brown v. Orange Cnty. Corr. Dep't*, 699 F. App'x 916 (11th Cir. 2017) (affirming dismissal for failure to state a claim); *Kirsha Brown v. Orlando Police Dep't*, No. 16-10477 (11th Cir. Feb. 17, 2017) (dismissing appeal as frivolous);

*Kirsha Brown v. Pub. Def.'s Off.*, No. 6:16-cv-00224-ACC-T_S, Doc. 7 (M.D. Fla. Mar. 16, 2016) (dismissing for failure to state a claim); *Krisha Brown v. Orange Cnty. Jail*, No. 6:16-cv-00190-PGB-T_S, Doc. 2 (M.D. Fla. Feb. 5, 2016) (dismissing for failure to state a claim). Plaintiff has not shown, in this copyright action, that she is in imminent danger of serious physical injury.

Accordingly, it is **RECOMMENDED** that Plaintiff be **DENIED** leave to proceed in forma pauperis and this action be **DISMISSED without prejudice**.[2]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 25th day of July, 2022.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissal of this case does not relieve Plaintiff of her obligation to file AO Form 121, as directed by the Clerk. *See* LR 3.4, NDGa. Failure to complete this form in a timely manner shall constitute additional grounds for dismissal for failure to comply with the Court's orders. *See* LR 41.3(A)(2), NDGa.