IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIRSHA BROWN,<br>    Plaintiff,<br><br>        v.<br><br>COCA COLA (SPRITE),<br>    Defendant. | Civil Action No.<br>1:22-cv-02836-SDG |

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Christopher C. Bly's Report and Recommendation (the R&R) [ECF 2] recommending denial of leave to proceed *in forum pauperis* (IFP) and dismissal of this action, as well as Plaintiff Kirsha Brown's Objections [ECF 5] to the R&R, Motion for Extension of Time Due to Excusable Neglect (Motion for Extension) [ECF 7], Application to Appeal IFP [ECF 14], and Motion for Final Judgment [ECF 16]. For the reasons set forth herein, Plaintiff's Objections [ECF 5] and Application to Appeal IFP [ECF 14] are **DENIED** and the Motion for Extension [ECF 7] and Motion for Final Judgment [ECF 16] are **DENIED as moot**. The R&R [ECF 2] is **ADOPTED** as the Order of this Court. The case is **DISMISSED**.

**I.    Background**

This is a copyright action in which Brown alleges that Coca-Cola infringed her copyright on several verses of poetry in her book, "Glimpses of Life";

specifically, Brown alleges that Coca Cola used her verses "Hold Fast to Dreams, Spread Your Wings" in a Sprite commercial without her permission.[1] Brown notes that, in March 2012, she filed suit against several defendants including, LULU.com, Amazon, Apple, iTunes, iBookstore, and Barnes & Noble for copyright infringement of poetry from "Glimpses of Life."[2] Though, according to Brown, she ceased litigating that matter, the Court recognizes that her case was dismissed as a sanction for failure to show cause as to why she did not violate Fed. R. Civ. P. 11.[3]

Judge Bly's R&R concludes that Brown's claim should be dismissed because she exhausted her three strikes under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), failed to pay the requisite filing fee at the initiation of this suit, and the complaint fails to allege any risk of imminent and serious physical injury.[4]

---

[1] ECF 1, at 1–2.

[2] *Id.*; *see also Brown-Younger v. LULU.COM*, No. 1:12-cv-01979 (N.D. Ill. July 25, 2012).

[3] *Compare* ECF 4, at 3 *with LULU.COM*, No. 1:12-cv-01979, ECF 108. Her application to appeal *in forma pauperis* in *LULU.COM* was also denied. *LULU.COM*, No. 1:12-cv-01979, ECF 121 ("In this Court's view, any appeal by Brown-Younger would be just as frivolous as her Complaint has proved to be, so that it denies her current Application for IFP status.").

[4] ECF 2, at 2–3.

On August 4, 2022, Brown timely filed the Objections to the R&R.[5] In the Objections, Brown concedes that her claim does not involve physical injury,[6] but asserts that she will pay the filing fee via money order.[7]

On August 29, Brown filed the Motion for Extension, seeking additional time to file the Objections because hospital staff allegedly had not timely mailed them.[8] On November 25, under the mistaken belief that the Court had overruled the Objections and dismissed the case, Brown filed a notice of appeal.[9] On December 12, she filed the Application to Appeal IFP.[10] On February 9, 2023, the Eleventh Circuit Court of Appeals, *sua sponte*, dismissed Brown's appeal for lack of jurisdiction.[11] On March 20, Brown filed a motion for final judgment with this Court, in light of the Eleventh Circuit's jurisdictional dismissal.[12]

---

[5] ECF 5.

[6] *Id.* at 2.

[7] ECF 5, at 1; ECF 12, at 2.

[8] ECF 7.

[9] *See generally* ECF 9.

[10] ECF 14.

[11] ECF 15, at 2 (The "complaint . . . remains pending in the district court, and the magistrate judge's recommendation is pending and not final.").

[12] ECF 16.

## II. Discussion

### A. The R&R and Motion for Extension of Time

A party challenging a report and recommendation issued by a United States magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Beyond that, the Court has broad discretion in reviewing a magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

The Objections were timely filed, so the Motion for Extension is **DENIED as moot**.[13] However, the Objections do not address the R&R's reasoning, including its recommendation that this matter be dismissed pursuant to the PLRA. Brown does not contest that she has amassed three strikes, and she readily concedes that

---

[13] ECF 7.

she is not in imminent danger of serious physical injury.[14] Because the Objections fail to address the R&R, they are **OVERRULED**,[15] and the R&R is **ADOPTED**.[16]

### B. The Application to Appeal

An IFP appeal may not be taken if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; s*ee Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is analyzed under an objective standard and is shown when a party seeks review of any issue that is not frivolous. *Coppedge*, 369 U.S. at 445. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

As the Eleventh Circuit noted in its *sua sponte* dismissal of Brown's appeal, the R&R is an interlocutory order—not a final order—of this Court, the Court had not issued a final Order on the Objections or dismissed Brown's complaint at the

---

[14] ECF 5, at 3.

[15] ECF 5.

[16] ECF 2.

time she appealed, and, consequently, there was nothing for Brown to appeal.[17] *See Perez-Priego v. Alachua Cnty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998) (stating that a magistrate judge's R&R that has not been adopted by the district court is neither final nor appealable). That the Court adopts the R&R now does not cure Brown's premature notice of appeal. *Id.*; *accord Colville v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2240176, at *1 (11th Cir. May 10, 2022); *see also Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986) (stating that a subsequent final judgment will not cure a premature notice of appeal from an interlocutory order that is not immediately appealable). The notice of appeal is thus not taken in good faith, and so the Application to Appeal IFP is **DENIED**.[18]

### III.   Conclusion

Brown's objections [ECF 5] to the R&R are **OVERRULED**, the Motion for Extension [ECF 7] and Motion for Final Judgment [ECF 16] are **DENIED as moot**, The R&R [ECF 2] is **ADOPTED** as the Order of this Court, and the Application to Appeal IFP [ECF 14] is **DENIED**. The case is **DISMISSED.**

Because Brown indicates that she is willing to pay the requisite filing fee, Brown is granted leave to refile the case within 30 days and pay the filing fee in

---

[17]   ECF 15, at 2.

[18]   ECF 14.

full at the time of filing. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee *at the time [s]he initiates suit*.") (emphasis added). Failure to refile the case or pay the filing fee in full within 30 days of entry of this Order shall render this case **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to resubmit this Order to undersigned in 30 days.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge